**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FERNANDO EFRAIN ZHUNO-LIVICURA,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, WARDEN, FEDERAL DETENTION CENTER, PHILADELPHIA; JOHN E. RIFE, ACTING FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS, PHILADELPHIA FIELD OFFICE; MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. ATTORNEY GENERAL, U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-7254** |

**O R D E R**[1]

**AND NOW,** this 14th day of October, 2026, upon consideration of the Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition)), the Government's Response Opposing Petition For Habeas Corpus Writ (ECF No. 4 ("Response)), the Petitioner's Reply in Support of Petition for Writ of Habeas Corpus (ECF No. 6 ("Reply)), the Government's Notice of Supplemental Authority (ECF No. 8), and the Petitioner's Notice of Supplemental Authority (ECF No. 9), it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on October 15, 2026.**

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.
3. The Government is temporarily enjoined from re-detaining Petitioner until **October 25, 2026**.
4. If the Government decides to pursue re-detention of Petitioner after October 25, 2026, it must provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).
5. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.
6. The Clerk of Court shall **MARK** this case as **CLOSED**.

For the reasons set forth below, the Court grants the Petition because Petitioner's detention violates due process. In light of this dispositive ruling, the Court does not address the Petitioner's remaining claims.[2] Furthermore, Respondents do not dispute the facts as stated in the Petition, and, therefore, the Court accepts them as true. (*See* ECF Nos. 1,4.) The Court relies on the documentation provided by the parties as to the process afforded to Petitioner contemporaneously with and following his arrest and subsequent continued detention.

The Government represents in their Notice of Supplemental Authority that Petitioner was "in a vehicle along with at least three other people" at the time of arrest. (ECF No. 8 at 1.) Two of the three

[2] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

individuals, Mr. Alfredo Zhuno-Livicura and Mr. Flores, also filed petitions for writs of habeas corpus on September 19, 2026, and the petitions "were assigned to Judge Pozos and Judge Murphy respectively." (*Id.*) Both petitions were denied. Judge Pozos and Judge Murphy "each determined based on the facts of [the] particular traffic stop, the [G]overnment satisfied the requirements imposed by 8 U.S.C. § 1357(a)(2) for an arrest without a warrant." (ECF No. 8 at 2.) Although the Court agrees that the decisions from Judge Pozos and Judge Murphy are "factually similar to [Petitioner's] as they were all in the same vehicle at the time of their arrest" (ECF No. 8 at 1.), the Court ultimately finds the detention of Petitioner unlawful. For the fourth individual, Mr. Sagbay, who was also arrested at the same traffic stop, his petition[3] was assigned to Judge Rufe. Judge Rufe ultimately granted Mr. Sagbay's petition. *Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765 (E.D. Pa. Sept. 24, 2026). The Court follows suit here.[4]

All petitioners from the vehicle stop were detained under 8 U.S.C § 1226(a). *Zhuno-Livicura v. Jamison*, No. 26-cv-07255, 2026 WL 2875765 at *1 (E.D. Pa. Sept., 30 2026); *Sagbay*, 2026 WL 2875765 at *1; Pet. at 7, *Flores v. Warden*, 26-cv-07252, (E.D. Pa. Oct. 1, 2026) (ECF No. 1). Also, Petitioner, Mr. Alfredo Zhuno-Livicura, Mr. Flores, and Mr. Sagbay were all arrested without a warrant. *Id*. A warrantless arrest, although unequivocally not the default rule, is permitted in the Petitioner's

---

[3] Mr. Sagby filed his petition on September 21, 2026. *See generally Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765 (E.D. Pa. Sept. 24, 2026).

[4] The Court recognizes and emphasizes that the unique factual circumstances of a Petition are critical to whether an arrest and detention comply with both Petitioner's constitutional rights and the statutory provisions of the INA. Such key facts distinguish each matter from others adjudicated by the district courts in this and other districts around the country.

circumstances under 8 U.S.C §§ and 1226(a) and 1357(a)(2).[5] Even though Petitioner was lawfully arrested under § 1226(a), his ongoing detention violates due process.[6]

The dispositive question before the Court is whether the Petitioner's current civil immigration detention without bond violates due process, particularly in light of the fact that he has no criminal record.[7] *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150, 26-1454, 2026 WL 2546223 at *9 (3d Cir. Aug. 28, 2026). To assess Petitioner's claim, the Court considers the three factors set forth in Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976):

> (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

---

5 Section 1226(a) provides: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *See also Buele Morocho*, 2026 WL 2546223, at *1 ("§ 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk."). 8 U.S.C. § 1357(a)(2) permits the arrest without a warrant of "any alien in the United States, if [the DHS officer] has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." In such circumstances, the alien must "be taken ***without unnecessary delay*** for examination before an officer of [DHS] having authority to examine aliens as to their right to enter or remain in the United States." *Id.* (emphasis added). The implementing regulations specify that this determination as to "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued" must, except in limited circumstances not applicable here, be made "***within 48 hours of the arrest***." 8 C.F.R. § 287.3(d) (emphasis added).

6 The Due Process Clause provides that "[n]o person" shall "be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, *including aliens*, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (emphasis added). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. Indeed, "mandatory detention implicates [habeas] Petitioners' 'constitutionally protected interest in avoiding physical restraint.'" *Buele Morocho*, 2026 WL 2546223, at *9 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). "Due process in the civil immigration detention context requires procedures that are reasonably calculated to avoid erroneous deprivation of liberty." *Regalado-Nauta v. Jamison*, No. 26-cv-06834, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) (Beetlestone, C.J.) (first citing *Mathews v. Elridge*, 424 U.S. 319, 333–35 (1976); and then citing *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 331–32 (3d. Cir 2021)).

7 ECF No. 4-4 at 4.

*Buele Morocho*, 2026 WL 2546223, at *9 (citation modified) (quoting *Mathews*, 424 U.S. at 335). The Court ultimately finds that Petitioner's current civil immigration detention contravenes the due process to which he is entitled.[8] The Court addresses each *Mathews* factor in turn.

First, Petitioner has a private interest in maintaining personal liberty free from detention.[9] *See Zadvydas v. Davis*, 533 U.S. 678, 690-93 (2001); *see also Rodrigues v. Jamison*, No. 26-cv-01407, 2026 WL 676468, at *5 (E.D. Pa. Mar. 10, 2026) ("[Petitioner] has a strong liberty interest in being free from mandatory detention."). Here, where Petitioner could "be detained for months or even years while his case proceeds," "the restriction of liberty is particularly acute." *Regalado-Nauta v. Jamison*, No. 26-cv-06834, 2026 WL 2740528, at *4 (E.D. Pa. Sept. 16, 2026) (quoting *Cunin v. McShane*, No. 25-cv-01887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025)). Petitioner has been deprived of his personal liberty interest because Petitioner has been detained for *over twenty days* to date. Thus, the first of the *Mathews* factors weigh in favor of Petitioner.

Second, there is a significant risk that Petitioner has been erroneously deprived of his fundamental liberty interest. *See Buele Morocho*, 2026 WL 2546223, at *9 ("[T]he absence of an opportunity for a neutral decisionmaker to assess whether Petitioners are dangerous or flight risks presents a high risk of erroneously depriving Petitioners of their liberty interest." (citations omitted)); *see also Leng Mey Ma v. Barber*, 357 U.S. 185, 190 (1958) ("Physical detention of aliens . . . is generally employed only as to security risks or those likely to abscond."). DHS and ICE officers detained the Petitioner without a warrant, and the Petitioner has not been deemed a flight risk. *De Los Santos Medina v. Jamison*, No. 26-

---

[8] Irrespective of Respondents' compliance with the statutory requirements of § 1226(a), the Government must still comply with the Constitution and the due process rights enumerated therein, to which *all persons* in the United States are entitled. *See Zadvydas*, 533 U.S. at 693. While Petitioner's initial arrest comports with § 1226(a), Petitioner's *continued detention* violates his constitutional guarantee of procedural due process.

[9] *See Regalado-Nauta*, 2026 WL 2740528, at *4.

cv-06800, 2026 WL 2742071, at *6 (E.D. Pa. Sept. 16, 2026) (Rufe, J.) ("The risk [of erroneous deprivation] is particularly pronounced where, as here, there is no indication that Petitioner is a danger to the community or a flight risk."). Accordingly, the current detention risks erroneously deprive Petitioner of his rights, and thus, the second *Mathews* factor weighs in favor of Petitioner.

Third, the government has a "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings." *Buele Morocho*, 2026 WL 2546223, at *10. However, this interest fails to outweigh the first two factors where the Petitioner poses neither a flight risk nor a danger to the community. *See id.* Indeed, like in *Buele Morocho*, Petitioner is a "non-criminal individual who was detained absent evidence that he is dangerous or a flight risk." *Buele Morocho*, 2026 WL 2546223, at *10.

In summary, the *Mathews* factors weigh in favor of granting the Petition.[10] While the Court was notified by the Government that a bond hearing has been scheduled as of October 7, 2026, a post-detention bond hearing "is not an adequate substitute for the pre-detention individualized assessment that due process requires . . . ." *De Los Santos Medina*, 2026 WL 2742071, at *7 (citing *Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 885–86 (S.D. Tex. 2026)). Indeed, "[h]abeas is at its core a remedy for unlawful executive detention," and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Therefore, the Court concludes that "immediate release is the only appropriate remedy."

---

10 On September 24, 2026, the Court ordered a status update from the Government regarding whether a bond hearing had been scheduled for Petitioner. (ECF No. 5.) Pursuant to the Court's Order, the Respondents stated in their October 1, 2026 Status Report that, "Petitioner has not yet been scheduled for a bond hearing" (ECF No. 7; ECF No. 8 at 2.) despite the fact Petitioner signed a Notice of Appearance and a Request for Prompt Hearing on September 15, 2026. (ECF No. 4 at 24–26.) As of October 1, 2026, the Petitioner had been held for *fifteen days* without a hearing having been scheduled. On October 7, 2026, the Government provided another status update to the Court stating that a bond hearing is scheduled for October 14, 2026, *nearly a month* after Petitioner was arrested, detained, and signed DHS forms requesting a hearing. (ECF No. 7; ECF No. 4 at 22–26.)

*Regalado-Nauta*, 2026 WL 2740528, at *4; *see also De Los Santos Medina*, 2026 WL 2742071, at *7 ("As Petitioner's present detention is unconstitutional, the proper remedy is release.").

For the foregoing reasons, Petitioner's detention violates due process. Therefore, the Court grants the Petition, orders Petitioner's immediate release, and temporarily enjoins the Government from re-detaining Petitioner under § 1226(a) for ten (10) days following his release.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**